IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL EMMANUEL POUTCHEU YOSSA,

    Plaintiff,

  vs.                                           No. CIV. S-12-0023 MCE GGH PS

COUNTRYWIDE HOME LOANS, INC., et al.,

    Defendants.                    ORDER; FINDINGS AND

                                                  RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15 v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged."  Id.

19    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24    The complaint contains, *inter alia*, claims under the Truth in Lending Act
25 ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Debt Collection
26 Practices Act ("FDCPA").  Plaintiff asserts that he refinanced a loan on two pieces of property on

May 23, 2005, but that the loan was predatory because defendants targeted plaintiff based on his status as a minority of African descent. He contends that defendants made false promises, including that his monthly payments would be much lower than they were, that he would not be penalized for refinancing, and that the interest rate would be lower than it was. (Compl. at 8-9.) The complaint also alleges that defendants did not provide plaintiff with a proper notice of right to cancel, that they did not provide accurate disclosures or Good Faith Estimates, and that they charged excessive fees and prepayment penalties. (Id. at 9-11.) The complaint seeks injunctive relief and damages.

I. TILA

A. Rescission

Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

Further, equitable tolling does not apply to rescission under this provision of TILA. If the borrower files his or her suit over three years from the date of a loan's consummation, a court is powerless to grant rescission. Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) ("[S]ection 1635(f) represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction." (quoting King v. California, 784 F.2d 910, 913 (9th Cir. 1986)); accord Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.").

In this case, plaintiff alleges he consummated the Subject Loan on or about May 23, 2005. (Compl. at 7.) Plaintiff did not bring the instant action until January 5, 2012; accordingly, more than three years have passed since the alleged TILA violations. 15 U.S.C. § 1640(e). As such, plaintiff's rescission claim under TILA should be dismissed.

\\\\\

B.  <u>Damages</u>

TILA provides that a plaintiff can bring an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As stated above, plaintiff brings this action more than five years after consummation of the loan; accordingly, his TILA claim is time-barred. Plaintiff seeks equitable tolling; however, he provides no facts concerning the statute of limitations or why equitable tolling should apply. (Compl. at 16.)

TILA violations include the failure to provide the required disclosures pursuant to 15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632. To recover damages arising from alleged TILA violations, a plaintiff must file an action to recover damages "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). However, in certain circumstances, equitable tolling of civil damages claims brought under TILA might be appropriate. <u>See</u> <u>King v. State of California</u>, 784 F.2d 910, 915 (9th Cir. 1986). The doctrine of equitable tolling may be appropriate when the imposition of the statute of limitations would be unjust or would frustrate TILA's purpose "to assure a meaningful disclosure of credit terms so that the consumer will be able to ... avoid the uninformed use of credit." <u>Id.</u> (quoting 15 U.S.C. § 1601(a)).

Plaintiff will be permitted to amend his complaint to allege a TILA claim for damages which sets forth a basis for equitable tolling, so long as he meets the requirements of Federal Rule of Civil Procedure 11.

II.  <u>RESPA</u>

12 U.S.C. § 2605(e)(1) of the RESPA requires the servicer to provide information relating to the servicing of the loan upon a qualified written request ("QWR") by the borrower. Plaintiff asserts that he made a QWR to Countrywide and Bank of America ("B of A") on December 27, 2010, and that B of A responded on January 4, 2011. (Compl. at 3.) Although B of A did supply some documentation in mid-January, plaintiff alleges that this defendant did not

provide "the remainder of the requested items." (Id. at 4.) The complaint alleges that "Countrywide, and 'B of A' failed to adequately respond to Plaintiff's requests for information regarding the LOAN, within the time specified by RESPA, (Defendants responded out side the time frame mandated by RESPA to respond to QWR from Plaintiff) thus denying Plaintiff an opportunity to work out the LOAN." (Compl. at 15.) This first cause of action, however, states that this claim is against "all defendants."

First, the complaint is confusing as to which defendants the RESPA claim applies. RESPA is only available against servicers. On amendment, plaintiff shall specify which defendants are subject to the RESPA claim, and all such defendants must be servicers within the meaning of 12 U.S.C. § 2605, or they will be dismissed.

Second, plaintiff does not specify what remaining documents B of A failed to provide. Plaintiff also fails to specify how B of A failed to comply with the 20 day statutory period for response. Plaintiff has provided no facts as to when he made a QWR to Countrywide, and how Countywide failed to respond to the request.

Third, this claim is time barred. See 12 U.S.C. § 2614 (providing for one year statute of limitations period for violations of §§ 2607 and 2608, and three year limitations period for violations of § 2605). Plaintiff has failed to allege equitable tolling in regard to the RESPA claim.

> The Ninth Circuit has not decided whether the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the violations that form the basis of plaintiffs' RESPA action. [footnote omitted] However, absent a clear indication to the contrary, equitable tolling should be read into every federal statute. See Holmberg v. Armbrecht, 327 U.S. 392, 396-97, 66 S.Ct. 582, 90 L.Ed. 743 (1946); see also Lawyers Title Ins. Corporation v. Dearborn Title Corp., 118 F.3d 1157, 1166-67 (7th Cir.1997) (holding that RESPA actions are subject to equitable tolling because only in the rarest circumstances are statutes considered jurisdictional) (citing King, 784 F.2d at 914-15); but see Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1040-41 (D.C.Cir.1986) (holding that RESPA actions are not subject to equitable tolling because the statute of limitation, found

in the same section that confers jurisdiction on the federal courts, is jurisdictional).

Brewer v. Indymac Bank, 609 F.Supp.2d 1104, 1117-1118 (E.D. Cal. 2009).

On amendment, if plaintiff can allege a claim that is not time barred, consonant with his obligations under Federal Rule of Civil Procedure 11, as well as cure the other deficiencies set forth herein, then he may file an amended complaint.

III.  FDCPA

The complaint also alleges a FDCPA violation.  (Compl. at 17-18.)

In 1977 Congress enacted the Fair Debt Collection Practices Act (FDCPA) in response to national concern over "the use of abusive, deceptive and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."  S. Rep. No. 382, 95th Cong., 1st Sess. 1-2, reprinted in 1977 U.S. Code Cong & Ad. News 1695, 1696.

> The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes ..." 15 U.S.C. § 1692a(5); see also Bloom v. I.C. Sys. Inc., 972 F.2d 1067, 1068-69 (9th Cir.1992) (explaining that the FDCPA applies to debts incurred for personal rather than commercial reasons). The Act defines "consumer" as "any natural person obligated ... to pay any debt." Id. § 1692a(3). The Act does not define "transaction," but the consensus judicial interpretation is reflected in the Seventh Circuit's ruling that the statute is limited in its reach "to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997) (citing Shorts v. Palmer, 155 F.R.D. 172, 175-76 (S.D.Ohio 1994).

Turner v. Cook, 362 F.3d 1219, 1227 (9th Cir. 2004).

Under the FDCPA, a "debt collector" "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of

6

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Excepted is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person ...." 15 U.S.C.A. § 1692a(6)(F).

"[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), mod. on other grounds, 761 F.2d 237 (5th Cir. 1985). Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA. Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).

There is authority contrary to Hulse; see e.g., Wilson v. Draper & Goldberg, 443 F.3d 373, 376 (4th Cir. 2006). In Wilson, the Fourth Circuit refused to follow Hulse reasoning that a "debt" remained a "debt" even after foreclosure. Id. While that may be true in the jurisdiction pertinent to the Wilson case, it is not true in California. With exceptions not applicable here, a lender/trustee may *not* seek a deficiency judgment when foreclosing on a property in a non-judicial trustee foreclosure/sale. Cal. Code Civ. P. §§ 580d, 726. Thus, in California, a debt derived from the residential loan transaction does not exist after a non-judicial foreclosure. The court therefore finds Hulse persuasive in its analysis when dealing with California foreclosures.

Based on Hulse authority, plaintiff's claim under the FDCPA must be dismissed without leave to amend.

IV. State Law Claims

Plaintiff's state law claims have not been reviewed. Plaintiff is warned, however, that to allege state law claims without any federal claims in his amended complaint, there must be independent grounds of subject matter jurisdiction. If plaintiff is unable to cure the defects in

7

his federal TILA and RESPA claims as set forth above, there will be no independent federal question jurisdiction and the state law claims would have to be dismissed unless there is diversity jurisdiction.[1]

V. Conclusion

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS ORDERED that:

1. Plaintiffs' request for leave to proceed in forma pauperis is granted.

2. Plaintiffs' complaint is dismissed for the reasons discussed above, with leave to file an amended complaint (but not including a FDCPA claim) within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that: Plaintiff's Fair Debt Collection Practices Act be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

---

[1] For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: March 6, 2012

　　　　　　　　　　　　　　　　　　 /s/ Gregory G. Hollows
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

9  GGH:076/Yossa0023.amd.wpd